**Harriet B. HUBBARD, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF ZONING ADJUSTMENT, Respondent.**

No. 8635.

District of Columbia Court of Appeals.

Argued May 18, 1976.

Decided Dec. 8, 1976.

Harriet B. Hubbard, pro se.

Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., with whom John R. Risher, Jr., Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D.C., were on the brief for respondent.

Before KERN, GALLAGHER and NEBEKER, Associate Judges.

NEBEKER, Associate Judge:

█ Petitioner, Harriet Hubbard, pursuant to D.C.Code 1973, §§ 1–1510 and 11–722, challenges an order of the District of Columbia Board of Zoning Adjustment (hereafter the Board) granting the application (BZA Case No. 11265) of Regional Addiction Prevention, Inc. (hereafter "RAP") for a special exception to operate a halfway house or social service center in the Northwest section of the District of Columbia. The application was filed on November 2, 1972, and was scheduled for public hearing on February 21, 1973. When the case was called no one representing the applicant was present. The chairman of the Board thereupon dismissed the case with prejudice. A written order to this effect, dated March 29, 1973, was entered in the record and mailed to the applicant. On April 12, 1973, the Board received a timely motion for rehearing, purported to grant the motion on April 24, and scheduled the rehearing for June 20, 1973. The vote granting reconsideration was, according to Board minutes, three in favor, one absent, and one abstention. This court, sua sponte, raised the question whether this grant was valid in light of Board Rule 5.45 requiring at least 4 (four) affirmative votes to grant rehearing. The Board now concedes the invalidity of its grant of rehearing, but asks us to remand to permit the Board to vote again on the rehearing motion on the theory that it is still pending. We vacate the order on review, but decline to follow the remand recommendation. Instead, we hold that the

Board's action after the purported grant of rehearing was invalid, and that the motion must be treated as denied, thus to require a one-year waiting period before reapplication can be made. *See* Board Rule 5.6.

Much time has elapsed since review was sought in this court. It is important to note the cause of that delay since the Board now proposes a remand procedure arguably giving the appearance that it intends to pro forma rectify this error without due regard to the merits of the case or to its own rules.

On July 9, 1974, petitioner filed a petition for review in this court. Because petitioner had also filed a motion for rehearing with the Board, the court delayed resolution of the petition for review until the Board acted on the motion for rehearing. The Board denied the motion on August 27, 1974. After the record was filed in this court and the petitioner had filed her brief, the Board filed a motion to remand the record to permit it to make additional findings of fact since it then viewed the original findings as defective. The motion was granted and on December 15, 1975, a revised order, together with findings dated December 12, 1975, was filed with the court as a supplemental record. Because approval of the revised order was not reflected in the official minutes of the Board, the record was again remanded at its request so that the revised order could be formally considered at a public meeting of the Board. At a public meeting on March 23, 1976, the revised order was approved by the Board by a vote of 4 (four) to 1 (one). A supplemental record reflecting the Board's action of March 23, 1976, was filed with the court on April 8, 1976, and this case was argued shortly thereafter.

At no time did the Board address the question of its action on the rehearing motion until its confession of error, prompted by our sua sponte order.[1] In its response to the order, the Board does not object to reinstatement of the March 29, 1973, order

dismissing the application, conceding that its grant of rehearing had been without authority of law. But the Board seeks to have the case remanded to it on the rationale that its action on the grant of rehearing was tantamount to no action at all. Therefore, the Board argues that the motion for rehearing is still pending and that this court should allow the Board to take a new vote on this motion. Such a new vote is not warranted. The vote originally recorded was valid in all respects; the effect given it was erroneous. The vote of 3 (three) to 0 (zero) in favor of rehearing operated as a denial of rehearing. We deem it so now. Moreover, we believe the history of this case as recounted above, together with the protracting effect a new vote would have on the controversy, demands that it be brought to an end.

As a result of the Board's erroneous interpretation of its vote, RAP has been operating its halfway house for more than 3 years in derogation of the Board's own rules as they are designed to benefit litigants before the Board. We note that Rule 5.6 of the Board states: "An applicant or appellant whose appeal or application has been denied shall not institute a new appeal or application essentially on the same facts within one year from the date of the order upon the previous appeal or application." This rule is no doubt intended to prevent repetitive applications, incidental harassment, and exhaustion of opposing points of view. To achieve such a one-year suspension and give effect to the policy embodied in the above-quoted rule we hold that the denial of rehearing on April 24, 1973, in the instant application shall be deemed effective as of the date of the judgment herein. Rule 5.6 will then be given full effect insofar as it benefits petitioner. *See* D.C. Code 1973, § 1–1510, giving this court the power to modify an order or decision "as justice may require."

■ Although not necessary to our decision, the merits of the application favor

---

1. The dismal history of zoning action respecting halfway houses in this area of the District of Columbia is recounted in *Dupont*

*Circle Citizen's Association v. District of Columbia Zoning Commission*, D.C.App., 343 A.2d 296 (1975) (en banc).

the conclusion we reach. We note, as petitioner urges, that the record reveals that the Dupont Circle area already has a disproportionately high concentration of halfway houses. The impact on a neighborhood of such an apparent saturation seems inherently incompatible with the general standards mandated for halfway houses by § 3104.47(a) of the Zoning Regulations of the District of Columbia (1958), which provides: "Such use is so located that it will not become unduly objectionable to the neighboring properties because of noise or other conditions." No one section of a community should have to bear a disproportionate share of the environmental burden which halfway houses and social service centers necessarily impose on neighboring property.

Accordingly, the order on review is vacated. The motion of April 12, 1973, for rehearing of BZA Case No. 11265 shall be deemed denied as of the date of the judgment herein, and no reapplication shall be made for a period of one year from that date.

SO ORDERED.